UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


CARLOS L SOSA LOPEZ,

     Petitioner,

v.                                                              Case No: 6:26-cv-1389-JSS-LHP

ACTING DIRECTOR OF
IMMIGRATION AND CUSTOMS
ENFORCEMENT TODD LYONS,
ACTING SECRETARY OF THE U.S.
DEPARTMENT OF HOMELAND
SECURITY MARKWAYNE
MULLIN, ATTORNEY GENERAL
TODD BLANCHE, WARDEN,
OSCEOLA COUNTY JAIL, and THE
US ATTORNEY'S OFFICE,

     Respondents.
_____/

## **ORDER**

On July 29, 2026, Respondents filed a notice that "Petitioner received a bond hearing and has been released from custody." (Dkt. 6 at 1.) According to the notice, "Petitioner received a bond hearing on July 24, 2026, and was ordered released upon a bond of $6,500." (*Id.*) "Petitioner was released from custody on July 27, 2026." (*Id.*)

"[I]f events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002)

(quotation omitted). "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *See Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019). Because Petitioner is no longer in custody, this case is moot. *See Djadju*, 32 F.4th at 1107 ("Since [the petitioner] already has been released from custody, his prayer for relief has been satisfied."); *Mehmood v. U.S. Att'y Gen.*, 808 F. App'x 911, 913 (11th Cir. 2020) ("[The] petition for habeas corpus seeks relief from immigration detention, and that is relief [that the court] simply cannot provide because [the petitioner] is no longer detained . . . ."); *Dieianov v. Ripa*, No. 26-61082-CV-MIDDLEBROOKS, 2026 U.S. Dist. LEXIS 87572, at *3 (S.D. Fla. Apr. 21, 2026) ("Because [the p]etitioner has now been released, the relief he requests, relief from immigration custody, is now moot."); *Santander v. Mordant*, No. 2:26-cv-164-KCD-NPM, 2026 WL 685651, at *2, 2026 U.S. Dist. LEXIS 49698, at *3–4 (M.D. Fla. Mar. 11, 2026) ("[The petitioner] brought this case to contest his physical detention. He is now out, leaving the petition moot.").

Accordingly, this case is **DISMISSED without prejudice**, and the Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on August 14, 2026.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record